**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MICHAEL SAFFARI,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| **v.** | )     **CIV-05-309-R** |
| | ) |
| **BRUCE HOWARD, Warden,** | ) |
| | ) |
|     **Respondent.** | ) |

**O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge Valerie K. Couch entered June 30, 2005 and Petitioner's Response to the Report and Recommendation filed July 18, 2005, which the Court treats as an Objection to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's Objection.

The Magistrate Judge correctly pointed out that pursuant to the governing Oklahoma Department of Corrections policy, OP-060211 on Sentence Administration, after July 11, 1984, if a misconduct is reversed and expunged, "[c]redit unearned due to disciplinary service or loss of job will not be subject to restoration." See Report and Recommendation at p. 3 n. 5, citing OP-060211 at http://www.doc.state.ok.us/Offtech/op060211.htm. More importantly, for purposes of this habeas petition, Section 138 of Title 57 does not create a liberty or property interest in the *opportunity* to earn credits.[1] *See Johnson v. Ward*, 2003

---

[1] Petitioner asserts in his objection that pursuant to OP-030123 Sec. 1.A., inmates are to be afforded "the privilege to have the opportunity to earn credits." However, Petitioner has not provided a copy of that policy and the Court has not been able to locate it. In any event, however, a "privilege to have an

WL 21918645 (10th Cir. Aug. 12, 2003) (Nos. 00-7053 & 02-7056) (*citing Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996); *Luken v. Scott*, 71 F.3d 192, 193-94 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196, 116 S.Ct. 1690, 134 L.Ed.2d 791 (1996)).  And because even a prisoner who meets all relevant criteria is never guaranteed a particular classification but only *may* be assigned to a classification at which he can earn credits, it cannot be said that the assignment or failure to assign an inmate to a particular classification or to award good-time credits available at a particular classification will inevitably affect the duration of the prisoner's sentence, as is necessary to create a liberty interest which invokes the procedural protections of the Due Process Clause.  *See Hudson v. Ward*, 2005 WL 348399 (10th Cir. Feb. 14, 2005) (No. 03-7117); *Davis v. Ward*, 2004 WL 233302 at *2 (10th Cir. Feb. 9, 2004) (No. 03-6034).  The Court thus agrees with the Magistrate Judge that "[p]ursuant to *Sandin v. Conner*, 515 U.S. 472, 485-87, 115, S.Ct. 2293, 132 L.Ed.2d 418, 430-31 (1995), Petitioner has failed to establish a liberty interest in the credits he might have earned during . . . [the period from July 22, 2004 through October 29, 2004] because Petitioner cannot establish that his removal from class level 4 inevitably affected the duration of his sentence."  Report and Recommendation at p. 7.

With respect to Petitioner's arguments that his free speech and equal protection rights were violated by the disciplinary conviction which was later expunged, these claims must be brought pursuant to 42 U.S.C. § 1983.  Because those claims are not cognizable in this

---

opportunity" is not a right nor a liberty or property interest.

habeas proceeding and are not before the Court, the Court expresses no opinion on the relief that may be available to Petitioner on such claims.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and the petition of Michael Saffari for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED.

**IT IS SO ORDERED this 22nd day of July, 2005.**

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE